IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |  | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No. 13-850-SLR | |
| | ) | Del. Super Cr. ID. 9312006327 | |
| DANIEL M. PASKINS, JR., | ) | Del. Super. Cr. Nos. 93-12-0532 | |
| | ) | through 0535 | |
| Defendant. | ) | | |

**MEMORANDUM**

1. **Introduction.** On May 15, 2013, defendant Daniel M. Paskins, Jr. ("defendant") filed a motion for notice of removal, construed as a notice of removal from the Superior Court of the State of Delaware in and for Sussex County ("Superior Court"). (D.I. 1) He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Background.** In October 1988, defendant pled guilty to one count of robbery in the first degree and one count of burglary in the first degree. *Paskins v. State*, 58 A.3d 983 (Del. 2012) (table). The Superior Court sentenced him to a total period of twenty years at Level V incarceration to be suspended after serving four and one-half years in prison for a ten year period of probation. *Id.* In January 1994, defendant was charged by information with multiple counts of robbery, burglary, conspiracy and weapons offenses. *Paskins v. State*, 2 A.3d 74 (Del. 2010) (table). Four of the robbery charges and one weapons charge were severed from the other charges. *Id.* Defendant was convicted by a Superior Court jury of four counts of robbery in the first degree and one count of possession of a deadly weapon during the commission of a felony and the

other charges were dismissed. *Paskins*, 58 A.2d 983; *Paskins*, 2 A.2d 74. The Superior Court sentenced defendant to a total period of thirty-three years at Level V incarceration to be suspended after serving twenty-five years for probation. *Paskins*, 58 A.2d 983. The Delaware Supreme Court affirmed the convictions and sentence on direct appeal. *Paskins v. State*, 655 A.2d 1255 (Del. 1995) (table). Defendant filed numerous motions for postconviction relief and motions for sentence reduction in the robbery case, all of which were denied, and those that were appealed were affirmed. *Paskins v. State*, 2 A.3d 74. When the Delaware Supreme Court affirmed the denial of defendant's fifth motion for postconviction relief, it barred him from further litigating a waiver of indictment issue that he had repeatedly raised without success. *Paskins v. State*, 706 A.2d 26 (Del. 1998) (table). Similarly, on September 21, 2005, the Delaware Supreme Court prohibited defendant from filing petitions for extraordinary relief concerning the robbery case. *In re Paskins*, 884 A.2d 512 (Del. 2005) (table).

3. In November 2010, defendant filed a motion for sentence reduction or modification and, on January 19, 2011, the Superior Court issued a modified sentencing order, which suspended all of the remaining Level V time of defendant's sentences and imposed a one year period at Level IV home confinement followed by a four-year concurrent period at Level III probation. *Paskins*, 58 A.3d 983. On July 15, 2012, defendant was arrested and charged with driving under the influence of alcohol which resulted in a charge of violation of probation. *Id.* The Superior Court found that defendant had violated his probation and sentenced him immediately to a total period of thirty-one years at Level V incarceration to be suspended entirely for one year at Level

2

IV home confinement followed by a lengthy period of probation. *Id.* Defendant appealed and the Delaware Supreme Court affirmed the judgment of the Superior Court. *Id.*

4. In defendant's notice of removal, he states that a violation of probation hearing was held on January 4, 2013, and the court determined that he had violated his probation in Case Nos. 9312006327 and 88S01362D1, Crim. A. No. 88-06-0072-02. Defendant states that he was sentenced to the remainder of his Level V sentence for Case No. 9312006327; seven years and probation. (D.I. 1) In addition, a November 12, 2013 filing indicates that defendant requested a hearing but "there has been no response concerning a September 18, 2013 hearing." (D.I. 9) Exhibits to the notice of removal include 1993 arrest warrants, a 1995 certification of records, December 16, 1993 transcript of proceedings, January 28, 1994 transcript of proceedings, a partial Superior Court docket for Criminal Case No. 9312006327, 1994 trial transcripts, Court of Common Pleas docket for Criminal Case No. 9312003318, and a waiver of preliminary hearing. (D.I. 1, exs. 1-9)

5. Defendant seeks removal pursuant to 28 U.S.C. §§ 1443 and 1446(c)(1) on the grounds that he was deprived of "equal civil rights" through race discrimination in the Sussex County Superior Court and the Delaware Supreme Court (D.I. 1), and because "there is no arrest, no bail hearing, no preliminary hearing, no arraignment and after numerous filings before, during and after trial [his] motions arguing these due process issues were not only denied, but barred from being presented in any Delaware state court." (D.I. 9)

3

6. **Standard of review**. In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

7. **Discussion**. Defendant invokes §§ 1443 and 1446(c)(1) of the removal statute. Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. §

4

1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

8. Defendant alleges that he has been discriminated against on the basis of race. Hence, although alleged very generally, the allegation may provide a basis for this court's proposed exercise of subject matter jurisdiction. Defendant must also show, however, that he cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The rights to which defendant refers appear to be his right to appeal and/or to raise issues. It is evident, from reported and unreported cases, that defendant has taken advantage of his right to appeal on numerous occasions. In addition, he has repeatedly sought postconviction relief, so much so that he was ultimately barred from raising repetitive issues and petitions. It is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219-20.

9. Finally, under 42 U.S.C. § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting

5

defendant leave to file the notice at a later time. Defendant has been tried and convicted. Indeed, at present he is serving time due to the revocation of his probation. Hence, the notice is untimely and his failure to timely file his notice of removal renders the removal procedurally defective. Finally, the court finds that defendant has not shown good cause for his failure to timely remove the case. Instead, it appears that defendant attempts to use the removal statute in a procedurally incorrect manner to gain release from prison.

10. **Conclusion**. For the above reasons, the court will deny as moot the motion of common law sovereignty for this legislative tribunal (D.I. 13), and will summarily remand the case to the Superior Court in and for Sussex County. A separate order shall issue.


Dated: January 17, 2014

_____
UNITED STATES DISTRICT JUDGE